09-0063-cv
Aguiar v. The State of New York, et al.


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

Present:
                AMALYA L. KEARSE,
                ROBERT A. KATZMANN,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

MARK R. AGUIAR,

        *Plaintiff-Appellant*,

                v.                                              No. 09-0063-cv

THE STATE OF NEW YORK; NEW YORK STATE UNIFIED COURT SYSTEM, OFFICE OF COURT ADMINISTRATION; and NEW YORK STATE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT,

        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:        MARK R. AGUIAR, *pro se*, New York, NY

For Defendants-Appellees:    KENNETH FALK (Michael Colodner, *on the brief*), Office of Court
                              Administration, New York, NY (appearing for the New York State
                              Unified Court System, Office of Court Administration, and the
                              New York State Supreme Court, Appellate Division, First
                              Department); Cecilia Chang, Assistant Solicitor General, State of
                              New York, New York, NY (appearing for the State of New York)


Appeal from the United States District Court for the Southern District of New York (Katz, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **MODIFIED**, and as modified is **AFFIRMED**.

Plaintiff-Appellant Mark R. Aguiar appeals from the November 13, 2008 Settlement Judgment and Order of Dismissal of the Southern District of New York (Katz, *M.J.*) setting forth the terms of the oral agreement the district court concluded Aguiar had entered into at an April 7, 2008 in-court settlement conference. He challenges interim orders of the court that concluded he had entered into that agreement and denied reconsideration of that conclusion. We assume the parties' familiarity with the facts and procedural history of the case.

We review the district court's factual conclusions related to a settlement agreement, including whether the parties intended to be bound, for clear error, and the district court's legal conclusions *de novo*. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 247 (2d Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Aguiar argues that the district court clearly erred when it found

that he had entered into a binding oral agreement at the April 7, 2008 settlement conference. We disagree.

We have articulated four factors to guide the inquiry regarding whether parties intended to be bound by a settlement agreement in the absence of a document executed by both sides. *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). "We must consider (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997) (citing *Winston*, 777 F.2d at 80). "No single factor is decisive, but each provides significant guidance." *Id*.

Applying this four factor test, we conclude that the district court did not clearly err when it found that a binding oral agreement had been reached. The on-the-record recitation began with the magistrate judge's statement that the parties "have reached an agreement on the terms," (Joint Appendix ("JA") at 23), proceeded with Aguiar's attorney's description of sixteen enumerated terms of the agreement, followed by the state and court defendants' acknowledgments that the description accurately reflected the defendants' understanding and that the defendants were prepared to settle the case based on those terms, and ended with Aguiar's statements that he understood the terms and was prepared to settle the case based on those terms. There was no express reservation of the right not to be bound in the absence of a signed writing. There was also partial performance because both parties consented to proceed before the magistrate judge.

Further, agreement was reached on all material terms. Aguiar makes much of the fact that the Mazzarelli draft, which was to be in effect for three years, contained a provision allowing

him to "utilize whatever other remedies may be available to him pursuant to law," while the on-the-record recitation limited his remedies for two years to those provided in the consent decree. But these terms are not contradictory. The Mazzarelli draft references "available" remedies, which, regarding certain claims and for two years, are those available through the consent decree. Finally, while settlement agreements are the type of agreements usually committed to writing, an "in-court announcement," like the one here, "[may] function[] in a manner akin to that of a memorializing writing." *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 131 (2d Cir. 2007). Such an on-the-record announcement of the terms of the agreement and assent of the parties "perform[s] a cautionary function whereby the parties' acceptance is considered and deliberate." *Id*. (internal quotation marks omitted).

Aguiar further contends that the settlement judgment entered in the district court is unlawful because it constitutes a waiver of his Title VII rights that is not knowing and voluntary. He argues that the settlement judgment waives his rights because it restricts him to bringing certain claims before Magistrate Judge Katz for the next two years, and then bars him from bringing those claims at all after two years. The agreement to bring claims in a particular forum, however, is not a waiver of Aguiar's Title VII remedies and is enforceable. *See 14 Penn Plaza LLC v. Pyett*, --U.S.--, 129 S. Ct. 1456, 1469 (2009) (holding that an agreement to submit age discrimination claims to arbitration does not constitute a waiver). Further, we do not read the settlement judgment to bar Aguiar from bringing any claims after two years. The settlement judgment states that "Plaintiff may utilize whatever other remedies may be available to him pursuant to law, rule, statute, or collective bargaining agreement," except "where Plaintiff is required to make application to [Magistrate Judge Katz]." (JA at 205.) Aguiar is only required to bring certain claims to Magistrate Judge Katz for two years. Therefore, at the conclusion of

the two years, Aguiar may bring his claims in other fora.

Aguiar also complains that although the agreement described by his attorney and assented to by the defendants called for a "'waiver and release executed by all the parties,'" the judgment entered by the district court called for a waiver and release by Aguiar but "provided for no corresponding waiver by any of the defendants." (Aguiar brief on appeal at 56-57 (quoting April 7, 2008 transcript at 3).) This contention accurately reflects the record. Defendants have offered no good reason for the omission, and at the oral argument of this appeal counsel for the court defendants stated, *inter alia*, that defendants "had no claims against plaintiff," "didn't mind waiving them at all," and "have no problems with the mutuality aspect of it." Accordingly, the judgment of the district court is modified to provide that defendants waive and release claims against Aguiar.

We have considered all of the parties' contentions in support of their respective positions on this appeal and, except as indicated above, have found them to be without merit. For the foregoing reasons, the judgment of the district court is **MODIFIED** as stated above, and as modified is **AFFIRMED**. The district court shall enter an amended judgment reflecting the modification.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

-5-